## Ray's Estate

*Isaac S. Grossman,* for exceptants.

*Edward B. Hodge, Jr.,* of *Hepburn & Norris,* contra.

KLEIN, J., November 8, 1940.—Decedent by her will left the residue of her estate in trust to pay the net income therefrom to her sister for life, with further provision "to pay to her out of the principal whatever may be proper for her maintenance, support or comfort, she to be the sole judge thereof. . . ." The life tenant, who is in ill health and about 81 years of age, has petitioned for a payment of $5,000 out of principal to be used for a trip with a nursing companion so that she may enjoy a complete rest and change of scene. Petitioner's request for this payment from principal was resisted by certain of the remaindermen, who contend that the application was not made in good faith, but is an attempt to deplete the estate and to defeat the intention of testatrix.

The learned master, after hearing the witnesses called on behalf of petitioner, in a carefully-considered report concluded that her request for the payment in question was made in good faith, for her own use and not for the purpose of defeating the intention of testatrix or of defrauding the remaindermen.

Exceptions were taken to these findings which are before us for consideration. We have carefully reviewed the entire record and are all of the opinion that the master's findings are not only correct, but the only ones that could have been properly reached under the circumstances of this case.

Counsel for exceptants, in further support of their petition, maintains that, even if petitioner acted in good faith, she is not entitled to draw upon the principal of this estate until she has exhausted the separate estate

which she admittedly possesses. We do not agree with this contention.

There seems to be little doubt in Pennsylvania that if a person has two funds to draw upon for living expenses, one, his own individual estate, and the other, the estate of another in whch he has a life interest with power to consume, he may completely expend the latter before drawing upon the former. See Richey's Estate, 251 Pa. 324 (1916), and the other cases cited in Hunter's Pennsylvania Orphans' Court Commonplace Book, Vol. II, p. 1067.

Does the fact that the present estate was placed in trust change this rule? In our opinion, it does not, because the right to determine the propriety of the withdrawals from principal is placed in the beneficiary and not in the fiduciary. Whether the trustee thinks this request for the withdrawal of the $5,000 is wise, proper or necessary, is of no consequence. Petitioner is the sole judge of what sums are necessary to provide properly "for her maintenance, support or comfort." When she acts in good faith and not for the purpose of defeating testatrix's intention, her request must be granted.

In considering this record, we notice that the master's supplemental report on exceptions, required to be filed by our Rule 8(H), does not conform with the practice recently outlined in Hays' Estate, 33 D. & C. 153 (1938). We are not insisting on strict compliance with our practice in the present case only because further delay may result in undue hardship on the aged petitioner.

The exceptions to the master's report are dismissed, and the recommendation of the master is accepted. We, therefore, enter the following

### Decree

And now, November 8, 1940, the prayer of the petition of Catharine Ray Youngman is granted and Fidelity-Philadelphia Trust Company is directed and ordered to pay to her the sum of $5,000 out of the principal of this estate.